## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RICKY RYDER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18−cv−0723−MJR** |
| | ) | |
| **WEXFORD HEALTH SOURCES,** | ) | |
| **DAVID,** | ) | |
| **KAREN SMOOT,** | ) | |
| **JEFFREY DENNISON** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Ricky Ryder, an inmate in Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive relief, declarative relief, and damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

As an initial matter, Plaintiff has filed a Motion for Leave to Amend Complaint. (Doc. 7). Normally, the Court would permit Plaintiff to amend his complaint once as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1). However, in this instance, Plaintiff has run afoul of Fed. R. Civ. P. 11. Neither the motion asking to amend, nor the proposed amended complaint is signed by Plaintiff. The Court therefore **DENIES** Plaintiff's request to amend his Complaint without prejudice. It will consider the original Complaint for the purposes of this order.

Plaintiff had a pre-existing eye condition and back and knee pain when he entered custody on December 27, 2016. (Doc. 1, pp. 2-3). He had been scheduled for surgery at Barnes Jewish Hospital. *Id.* While at Menard,[1] a doctor told Plaintiff that the Illinois Department of Corrections ("IDOC") would not pay to get his medical records from Barnes, and that if he wanted them, he would have to obtain them himself. (Doc. 1, p. 3). Plaintiff was unable to

---

[1] None of the named Defendants work at Menard and Plaintiff does not appear to be raising claims arising out of Menard in this lawsuit.

obtain the medical records. *Id*. Plaintiff was housed at Menard from December 27, 2016 until March 29, 2017; during that time he never received treatment for his eye condition. (Doc. 1, pp. 2-3).

Plaintiff requested care for his eye condition upon arrival at Shawnee. (Doc. 1, p. 4). Smoot called him over to the Health Care Unit, but informed him that Shawnee does not employ an eye doctor and would not treat his eye injury. *Id*. She gave Plaintiff a single dose of ibuprofen. *Id*. Plaintiff put in a sick call slip regarding his eye, knee, and back pain on April 10, 2017. *Id*. Plaintiff began using the prison grievance procedure on April 11, 2017, and has spoken to Warden Dennison about his issues several times; Dennison has taken no action. *Id*. Plaintiff has also been denied a low gallery/low bunk permit, which he feels is necessary to treat his conditions. *Id*. Plaintiff alleges that he has sought medical care from David, but he has taken no action. (Doc. 1, p. 5).

As a result of Plaintiff's conditions, he suffers from severe pain and discomfort, accompanied by episodes of vision loss. (Doc. 1, p. 3). Plaintiff's eye condition makes it difficult to perform daily activities. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 4 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

**Count 1** – Wexford, David, Smoot, and Dennison were deliberately indifferent to Plaintiff's eye condition in violation of the Eighth Amendment;

**Count 2** – Wexford, David, Smoot, and Dennison were deliberately indifferent to Plaintiff's knee and back pain in violation of the Eighth Amendment;

Plaintiff has attempted to bring other counts, but for reasons explained below, the following claims will be dismissed at this time:

**Count 3** – David and Smoot were medically negligent in their treatment of Plaintiff's eye condition in violation of Illinois state law;

**Count 4** – David and Smoot were medically negligent in their treatment of Plaintiff's knee and back pain in violation of Illinois state law.

**Counts 1 and** 2 both arise under an Eighth Amendment deliberate indifference theory of law. Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The Court will presume at the pleading stages that both Plaintiff's vision problems and his knee and back pain constitute serious medical needs. Having satisfied the objective prong, the only remaining question is whether Plaintiff has adequately alleged that each individual defendant was deliberately indifferent.

In **Count 1**, Plaintiff has alleged that all the named defendants were deliberately indifferent to his eye condition. His only alleged interaction with Smoot, however, appears to be on April 5, 2017 when he saw her for his eye condition and she told him that Shawnee does not employ an eye doctor. There is no allegation that Smoot is responsible for determining whether Shawnee should have an eye doctor, and so she cannot be held liable for the lack of one at that institution. However, Plaintiff has alleged that his eye condition causes him pain, and that Smoot responded to his complaints of pain by issuing a single ibuprofen pill. It is plausible from these facts that Smoot has not adequately responded to Plaintiff's complaints of pain, and was deliberately indifferent. Therefore **Count 1** shall proceed against her for failing to address Plaintiff's pain related to his eye condition.

It is a plausible allegation that Wexford Health Sources and/or Warden Dennison promulgated the policy of not having an eye doctor at Shawnee. As to Wexford in particular, the only way that Wexford can be held liable in a lawsuit is if they had an unconstitutional policy or practice in place. Normally, a private corporation is shielded from vicarious liability under § 1983. However, Wexford is presumed to act under color of state law, and is thus treated as though it were a municipal entity. *Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002). To state a claim against a municipality, a plaintiff must demonstrate that the wrongdoers acted pursuant to an unconstitutional policy or custom, *Whiting v. Wexford Health Sources*, *Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Shields v. Ill Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Perez v. Fenoglio*, 792 F.3d 768, 780 & n. 5 (7th Cir. 2015), and that the policy was the moving force behind the constitutional violation. *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002) (*quoting Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)). A policy

claim can include implicit policies or gaps in explicit policies.  *Daniel v. Cook County*, 833 F.3d 728 (7th Cir. 2016).

Plaintiff has alleged that Shawnee does not have an eye doctor on staff.  It can be inferred from the Complaint that this is a deliberate policy choice.  He has further alleged that Wexford provides medical services to the inmates in the IDOC.  It could be inferred then, that Wexford has chosen not to provide the services of an optometrist at Shawnee, thus denying Plaintiff access to an optometrist.  Therefore, this claim will be allowed to proceed against Wexford on a *Monell* theory of liability.  However, the Court rejects any insinuation in the Complaint that Wexford is liable due to any supervisory authority they may have over any of the individually named defendants; that position is squarely foreclosed by case law.  *See also Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions).

The same reasoning applies to Warden Dennison.  Because it is not completely clear from the Complaint who is responsible for determining staffing levels at Shawnee, it is plausible that Plaintiff's statement that Dennison is responsible for the services provided to the inmates at Shawnee is meant to suggest that Dennison has a role in determining staffing levels.  So it is plausible that he was involved in the decision not to employ an optometrist at Shawnee.  Furthermore, Plaintiff has alleged that he wrote grievances to Dennison detailing his lack of medical treatment and that Dennison failed to respond.  This too, can show deliberate indifference.  *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015).  For that reason, **Count 1** will also be allowed to proceed against Dennison.

Finally, although Plaintiff's allegations against David are vague, he has alleged that he sought treatment from David, and that David denied him treatment.  This is a sufficient statement

at the pleading stages to establish a claim for deliberate indifference, and **Count 1** will also be allowed to proceed against David.

The same logic applies with regards to **Count 2**. Plaintiff has alleged that he sought treatment from David and was denied, so **Count 2** will be permitted to proceed against David. He has also alleged that he sought treatment from Smoot, and she denied him, although it is not clear when and where Plaintiff sought treatment from Smoot for his back and knee pain. Nevertheless **Count 2** will proceed against Smoot. Plaintiff has also alleged that he filed grievances regarding the lack of treatment, and Dennison failed to adequately respond to the grievances, so **Count 2** will also proceed against Dennison. However, the Complaint suggests no basis for liability as to Wexford in **Count 2**, because there is no allegation that a policy of Wexford's kept Plaintiff from receiving care for his back and knee pain. Accordingly, the Court will dismiss Wexford from **Count 2** without prejudice.

**Counts 3 and 4** must be dismissed without prejudice at this time because Plaintiff has not complied with the Illinois state law.[2] Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the

---

[2] Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).

statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records).  *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2017).  A separate affidavit and report shall be filed as to each defendant.  *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required certificate is grounds for dismissal of the claim.  *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).  However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court.  *Sherrod*, 223 F.3d at 614.  "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavits or reports. Therefore, the claims in **Counts 3-4** shall be dismissed.  However, the dismissal shall be without prejudice at this time, and Plaintiff shall be allowed 35 days to file the required affidavits, if he desires to seek reinstatement of this claim.  The certificates of merit must also be filed, in accordance with the applicable section of §5/2-622(a).  Should Plaintiff fail to timely file the required affidavits/certificates, **Counts 3-4** may be dismissed with prejudice**.  *See* Fed. R. Civ. P. 41(b).

## <u>Pending Motions</u>

As discussed above, Plaintiff's Motion for Leave to Amend Complaint is **DENIED** for failure to comply with Rule 11.  (Doc. 7).

Plaintiff's request for relief also asks for injunctive relief "immediately."  (Doc. 1, p. 6). The Court construes as a request for a preliminary injunction.  The Clerk of Court is **DIRECTED** to docket a motion for injunctive relief.  The motion is further referred to Magistrate Judge Stephen C. Williams for prompt disposition.

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1-2** survive threshold review against Defendants Wexford, David, Smoot, and Dennison.  Wexford is dismissed without prejudice from Count 2 only.  **Counts 3-4** are **DISMISSED without prejudice**.  Plaintiff's Motion for Leave to Amend Complaint is **DENIED**.  (Doc. 7).  The Clerk of Court is further **DIRECTED** to docket a motion for injunctive relief.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to move the Court to reinstate the medical malpractice/negligence claims in **Counts 3-4**, Plaintiff shall file the required affidavit(s) pursuant to 735 Ill. Comp. Stat. §5/2-622, within 35 days of the date of this order (on or before July 9, 2018).  Further, Plaintiff shall timely file the required written report(s)/certificate(s) of merit from a qualified health professional, in compliance with §5/2-622.  Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of **Counts 3-4** may become a dismissal **with prejudice**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Wexford, David, Smoot, and Dennison:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's

place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen. C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 4, 2018**

__s/Michael J. Reagan_____
**Chief U.S. District Judge**