IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKY RYDER., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-CV-723-SMY-GCS ) |
| WEXFORD HEALTH SOURCES, INC., ALFONSO DAVID, M.D., KAREN SMOOT AND JEFFERY DENNISON,, | ) ) ) ) |
| Defendants. | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Gilbert C. Sison (Doc. 80), recommending the undersigned grant Defendants David and Wexford's Motion for Summary Judgment on the Issue of Exhaustion (Docs. 39). Plaintiff filed a timely objection (Doc. 81). For the following reasons, Judge Sison's Report is **ADOPTED**.

## Background

Plaintiff Ricky Ryder, an inmate currently housed at Robinson Correctional Center ("Robinson"), filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 4, 2018 for incidents that occurred while he was housed at Shawnee Correctional Center ("Shawnee"). Plaintiff alleges Defendants failed to treat his preexisting eye condition. Defendants moved for summary judgment, asserting Plaintiff failed to exhaust his administrative remedies prior to filing suit. As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Judge Sison conducted an evidentiary hearing on Defendants' Motion.

Following the *Pavey* hearing, Judge Sison issued the Report currently before the Court which accurately states the nature of the evidence presented by both sides on the issue of exhaustion, the applicable law, and the requirements of the administrative process. Judge Sison reviewed the following grievances: January 11, 2018 grievance in which Plaintiff complained of the lack of medical treatment for his knees and back; July 20, 2017 grievance that references lack of medical treatment for Plaintiff's knee and back and requested a bottom bunk; September 17, 2016 grievance which relates to a job assignment; and April 25, 2018 grievance which relates to Plaintiff's conditions of confinement at Shawnee. Judge Sison concluded that Plaintiff failed to exhaust his administrative remedies as to his claim against Defendants prior to filing his lawsuit.

## Discussion

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Id.* In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st Ed. 1973) (1992 Pocket Part).

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that an inmate file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).

For his objection to Report, Plaintiff reiterate arguments made at the Pavey hearing and in his previous filings with the Court. Specifically, Plaintiff contends his grievances, although not

fact intensive, provided the institution with enough information and details to put them on notice that he was having medical issues related to his eye. He also contends his lack of spelling and academic skills show that he has literacy problems, and because of this, he should have received help at the facility to understand the grievance process.

In his Report, Judge Sison found, and the Court agrees, that none of the first 4 grievances relate to Plaintiff's eye condition, and therefore, cannot serve to exhaust Plaintiff's administrative remedies. He also found that while the April 11, 2017 grievance pertains to lack of treatment for Plaintiff's eye, the grievance does not mention Defendants David or Wexford. Additionally, this grievance was returned to Plaintiff from the facility for failure to contain necessary responses. Judge Sison also noted that Plaintiff's testimony regarding additional grievances that Plaintiff claims went unanswered was not credible. The Court finds no reason in the record to second guess Judge Sison's finding in this regard.

The Court finds Judge Sison's factual findings and rationale to be sound. It is apparent that Plaintiff did not exhaust his administrative remedies prior to filing suit. Accordingly, Judge Sison's Report and Recommendation (Doc. 43) is adopted in its entirety; Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 39) is **GRANTED** and Count 1 is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

**DATED: September 30, 2019**

---
**STACI M. YANDLE**
**United States District Judge**